# IN THE COURT OF APPEALS OF IOWA

No. 22-1219
Filed October 5, 2022

**IN THE INTEREST OF J.R. and L.R.,**
**Minor Children,**

**A.R., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Joan M. Black, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Joseph C. Pavelich of Spies & Pavelich, Iowa City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney general, for appellee State.

Kelly D. Steele, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Tabor and Schumacher, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights, seeking to place the children in a guardianship. We find a guardianship is not appropriate, the exceptions to termination do not apply, and reasonable efforts were provided. We affirm.

**I. Background Facts & Proceedings.**

A.R. is the mother of J.R., born in 2013, and L.R., born in 2015. In the summer of 2018, the department of health and human services (DHHS)[1] became involved with the family. In October, the children were removed from the mother, and two weeks later from the father due to criminal behavior including: domestic violence, no-contact-order violations, prescription drug and alcohol abuse, and mental-health issues. The children were placed with maternal relatives who became their legal guardians in November 2019.

Starting in the spring of 2020, the mother made progress, and her visitation increased. The mother and father continued to have contact despite her characterizing their relationship as "toxic" and in violation of the no-contact order. The father's visitation was suspended due to concerns about the safety of the mother and children.

In November 2020, the court ordered a trial home visit with the mother. She agreed to comply with the no-contact order, not to allow the father unsupervised contact with the children, and to report any attempts by the father to visit.

---

[1] In 2022, the legislature merged the department of human services and the department of public health into the Iowa Department of Health and Human Services, with the transition starting July 1, 2022. *See* 2022 Iowa Acts ch. 1131 § 51.

In February 2021, custody was returned to the mother; visits with the father remained suspended. Two weeks later, the mother and children spent the night with the father, did not respond to attempts by family and service providers to contact her, and did not take the children to school the next day.[2] Despite the continuing no-contact order, the mother did not report the contact to DHHS or to the police. The father was arrested the next day after eluding police and was found in possession of drugs and the mother's debit card.

In early March, the court removed the children from the mother's custody. The mother appealed the removal, and we affirmed. *In re J.R.*, No. 21-0462, 2021 WL 3896753, at *6 (Iowa Ct. App. Sept. 1, 2021). In the removal order, the juvenile court ordered the mother's visits be supervised, limited who could supervise visits, and banned the mother from transporting the children without supervision.

On September 28, the juvenile court determined reunification "is no longer a realistic or attainable goal," placed the children in a guardianship with the maternal relatives, and relieved DHHS of the obligation to provide further services. The State filed a petition to terminate the parental rights of both parents for each child in October. In November, the juvenile court entered a nunc pro tunc order modifying the disposition to allow the children to continue with services. In January 2022, the maternal relatives caring for the children joined in the State's request to terminate the mother's parental rights so they could adopt and provide the children a stable, permanent home.

---

[2] The mother and father gave drastically different accounts of the circumstances of that day. The juvenile court found the father's account more credible, and it matched the children's accounts.

In March, the mother was arrested at a casino for trespassing and providing false identification—identification taken from the relative caring for the children.[3]

The court held a termination hearing on April 18 and May 24, 2022. When asked why she thought DHHS was involved with her family, she answered "environmental issues . . . instability of trying to figure out the problems that we were dealing with and what we had." She was not able to pinpoint her criminal behavior, the domestic violence in the home, her own health changes and prescription drug use, or otherwise take any responsibility for why the children were removed from her care either in 2018 or 2021.

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(f) (2021).[4] The mother appeals.

**II. Analysis.**

We review de novo the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We follow a three-step analysis in our review. *Id.* We consider whether a ground for termination under Iowa Code section 232.116(1) has been established, if the best-interests analysis of section 232.116(2) supports termination; and if an exception to termination in section 232.116(3) applies. *Id.* at 472–73. If any step is not contested, we need not address it. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The mother only challenges the third step on appeal and makes a claim of lack of reasonable efforts.

---

[3] The mother was banned from casinos after developing a gambling problem and resulting criminal activity.

[4] The father's parental rights were also terminated. He does not appeal.

*A. Exception to termination.* The mother asserts the juvenile court should have applied exceptions under section 232.116(3)(a) and (c) to find termination would be detrimental to the children and reinstate a guardianship with her relatives.

DHHS has retained custody of the children since the March 2021 removal, so the exception under section 232.116(3)(a) does not apply. *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) (noting the exception under section 232.116(3)(a) only applies when a relative has legal custody).

The mother has an excellent bond with both children, a consideration under section 232.116(3)(c). That said, the mother is not in a place to assume custody of the children. The guardian ad litem told the court the children identify as family with the relatives caring for them and a continued guardianship would be more stressful and traumatic to the children.

"[A] guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (citation omitted). A guardianship was in place for a year in this case in hopes the mother would improve her ability to parent. That effort, while successful for a time, failed when the mother made unsafe decisions by having the children in extended contact with the father and then not reporting it, in direct violation of the juvenile court's order. Then she accrued additional criminal charges in a manner indicating regression with gambling issues.

These children have already had three and a half years of instability. And, the proposed guardians have requested termination of parental rights so they may adopt the children and provide the family stability and permanency. A guardianship would just continue the emotional upheaval in these children's lives.

A guardianship is not in the children's best interests, and we decline to apply any exceptions to termination.

*B. Reasonable efforts.* The mother claims she was denied reasonable efforts when the court's March 2021 removal order required visits be supervised, limited who could supervise visits, and banned the mother transporting the children without supervision. She asserts these court requirements removed DHHS's discretion with visitation, limiting her ability to progress toward reunification.

In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family" and "[t]he relative risk to the child of remaining in the child's home versus removal of the child." Iowa Code § 232.102(10)(a).[5] The children's "health and safety shall be the paramount concern in making reasonable efforts." *Id.*

For two years, the mother had been reporting to DHHS and service providers the father posed a risk to the safety of her and the children. These reports were corroborated by the frequent no-contact order violations and a domestic violence conviction for the father. But then, promptly upon obtaining custody of the children, the mother chose to take the children and spend the night with him. She failed to report the contact and when asked about the evening, her account was not credible and did not match the facts reported by the father or the children.

---

[5] *See* 2022 Acts, ch. 1098, § 49 (renumbering as section 232.102A.1(a)).

While looking into the overnight with the father, DHHS learned the mother had occasionally been taking the children to stay overnight at her boyfriend's home. Overnights anywhere besides her home had not been approved. At trial, the father revealed the mother had brought the children to see him

The juvenile court's order did not limit the amount of visitation that could occur—it simply limited who could provide the supervision. Under the circumstances, it was reasonable for the court to require the mother's visits be supervised to ensure the safety of the children. We find reasonable efforts were made.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**